PERMELIA A. JOHNSON *vs.* SAMUEL KINGSBURY, administrator.

Waldo. Decided January 15, 1878.

*Executors and Administrators.*

Where the plaintiff made a contract with the defendant's intestate by which she agreed to properly maintain him during his life, and after his death give him proper burial, and in consideration thereof was to have all of his estate after his decease, although she has fully executed the contract on her part, she cannot maintain an action at law thereon before the estate is settled.

In such case the plaintiff's remedy is an application to the probate court for a decree requiring the administrator, after the settlement of the estate, to pay over to her what there may be remaining in his hands.

ON REPORT.

ASSUMPSIT on account annexed as follows :

Estate of Edward Hilton to Permelia A. Johnson, Dr. To keeping and maintaining said Edward Hilton from 1874 to the time of his death, November 27, 1874, according to contract with said deceased, the whole of said estate, supposed to be $1000.

The declaration also contained several other counts, the substance of which is stated in the opinion.

The administrator returned an inventory amounting to $860.59. The estate was afterwards represented insolvent and commissioners were appointed.

*J. W. Knowlton,* for the plaintiff.

*W. H. Fogler,* for the defendant.

LIBBEY, J.    The plaintiff claims that she made a contract with defendant's intestate by which she agreed to properly maintain him during his life and after his death give him proper burial; and in consideration thereof she was to have all of his estate after his decease; and that she fully executed the contract on her part.    Admitting that the contract between the parties was as claimed by the plaintiff, and that she fully performed it on her part, we feel clear that this action cannot be maintained.    By the contract the plaintiff is entitled only to the net assets of the estate after it is settled in the probate court.    This is admitted by her attorney.    There was no breach of the contract by the intestate during his life.    Nor was there by the defendant prior to the commencement of the suit.    The estate had not been settled.    The time when the plaintiff would be entitled to receive it had not arrived.    Again, there are now no means of ascertaining the amount to which the plaintiff is entitled.    For aught that now appears there may be nothing remaining after payment of debts and costs of administration.

We think the plaintiff's proper remedy is an application to the probate court for a decree requiring the administrator, after the settlement of the estate, to pay over to her what there may be remaining in his hands.    *McLean* v. *Weeks,* 65 Maine, 411.

*Plaintiff nonsuit.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.